Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVIE RAY THOMPSON, an individual;<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, a foreign limited-liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; TRANS UNION LLC, a foreign limited-liability company; WESTLAKE SERVICES, LLC, a foreign limited-liability company;<br><br>Defendants. | Case No.: 2:19-cv-01493<br><br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br><br>**JURY DEMAND** |

Plaintiff, Stevie Ray Thompson ("Plaintiff"), by and through his attorney of record, Kevin L. Hernandez, Esq., and for his claims for relief against Defendants, Equifax Information Services, LLC ("Equifax"), Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Westlake Services, LLC ("Westlake"), (collectively referred to as "Defendants"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

### PARTIES

5. Plaintiff is an adult individual residing in the State of Nevada.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Westlake is a foreign limited-liability company doing business in the State of Nevada.

8. Westlake regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" as contemplated by 15 U.S.C. § 1681s-2(b).

9. Equifax is a foreign limited-liability company doing business in the State of Nevada.

10. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

11. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

12. Equifax disburses consumer reports to third parties under contract for monetary compensation.

13. Experian is a foreign corporation doing business in the State of Nevada.

14. Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

15. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

16. Experian disburses consumer reports to third parties under contract for monetary compensation.

17. Trans Union is a foreign limited-liability company doing business in the State of Nevada.

18. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

19. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

20. Trans Union disburses consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

21. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

22. On or about May 2019, Plaintiff became aware that Defendants were reporting inaccurate information regarding Westlake Account # 97284XXXX (the "Account").

23. Defendants report a missed payment in April 2019 when Plaintiff made the payment for that month.

24. Defendants report a past due balance of $487 when the Account has no past due balance.

25. Defendants report a balance of $662 when the Account is paid-in-full.

26. On April 26, 2019, Westlake provided to Plaintiff a paid-in-full letter for the Account.

27. In May and June 2019, Plaintiff disputed the accuracy of the information furnished by Westlake to Equifax, Experian, and Trans Union in writing.

28. Despite proper notice of the disputes, Defendants each failed to conduct reasonable reinvestigations as required under the FCRA and confirmed and verified the false and derogatory information and demanded that the false and derogatory information remain on Plaintiff's credit profile.

29. Defendants failed to fully correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's disputes.

30. Defendants also fail to report that Plaintiff disputes the accuracy of their credit reporting.

31. Upon notice of Plaintiff's disputes of the inaccurate information, Defendants each failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

32. In the alternative, Defendants each failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit reports.

33. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score adversely.

## FIRST CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681e(b) against Equifax, Experian, and Trans Union]**

34. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

35. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each publishes and maintains concerning Plaintiff.

36. As a direct and proximate result of this conduct, action, and inaction of Equifax, Experian, and Trans Union, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of the ability to purchase and benefit from credit.

37. As a direct and proximate result of this conduct, action, and inaction of Equifax, Experian, and Trans Union, Plaintiff was forced to purchase and maintain credit monitoring services.

38. Equifax, Experian, and Trans Union's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

39. In the alternative, Equifax, Experian, and Trans Union were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

40. As a direct and proximate result of the above-referenced violations by Equifax, Experian, and Trans Union, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

41. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and Trans Union, in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

42. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

43. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681i against Equifax, Experian, and Trans Union]**

44. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

45. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiff's credit files after receiving actual notice of these inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to Westlake, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source each has reason to know is unreliable.

46. Equifax, Experian, and Trans Union further violated 15 U.S.C. § 1681i by failing to report that Plaintiff disputes the validity of the credit reporting associated with the Account.

47. As a direct and proximate result of this conduct by Equifax, Experian, and Trans Union, Plaintiff suffered, and continues to suffer, damage by loss of credit, loss of ability to purchase and benefit from credit, and credit denials.

48. As a direct and proximate result of this conduct, action, and inaction of Equifax, Experian, and Trans Union, Plaintiff was forced to purchase and maintain credit monitoring services.

49.     Equifax, Experian, and Trans Union's conduct was willful, rendering each liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

50.     Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and Trans Union in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

### THIRD CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) against Westlake]**

51.     Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

52.     Westlake violated the FCRA, 15 U.S.C. § 1681s-2(b) by continuing to report the false representations within Plaintiff's credit files with Equifax, Experian, and Trans Union; by failing to investigate Plaintiff's dispute properly; by failing to review all relevant information regarding Plaintiff's dispute; by failing to respond to Equifax, Experian, and Trans Union accurately; by failing to report results on Plaintiff's credit file correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

53.     As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

54.     As a direct and proximate result of this conduct, action, and inaction of Westlake, Plaintiff was forced to purchase and maintain credit monitoring services.

55.     Westlake's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

56.     In the alternative, Westlake was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

57.	As a direct and proximate result of the above-referenced violations by Westlake, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

58.	Plaintiff is entitled to recover costs and attorneys' fees from Westlake in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

59.	Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

60.	Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1.	For an award of actual damages;
2.	For an award of statutory damages;
3.	For punitive damages;
4.	For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5.	For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: August 27, 2019

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***